```
              DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| FLAGSTAR BANK, FSB, | ) |
|       Plaintiff, | ) |
|       v. | ) Civil No. 2012-55 |
| INDRUKUMAR G. KHANCHANDANI and SAKINA SADIQ, | ) |
|       Defendants. | ) |

ATTORNEYS:

**A. Jennings Stone, Esq.**
Bolt Nagi PC
St. Thomas, VI
    *For the plaintiff,*

**Indrukumar G. Khanchandani**
**Sakina Sadiq**
Orlando, FL
    *Pro se defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Flagstar Bank, FSB, to substitute Green Tree Servicing, LLC ("Green Tree") in the instant action against the defendants, Indrukumar G. Khanchandani ("Khanchandani") and Sakina Sadiq ("Sadiq"), husband and wife (collectively, the "defendants").

On November 20, 2009, Khanchandani borrowed $92,000 from Flagstar Bank, FSB ("FSB"). The loan was evidenced by a

promissory note (the "Note"), which Khanchandani executed and delivered to FSB on November 20, 2009. Pursuant to the Note, Khanchandani was obligated to repay FSB in monthly installments. Interest accrued on the loan at the rate of 5.5% each year. The Note permits FSB to accelerate payment due in the event that Khanchandani failed to make timely payments. The Note was secured by a first priority mortgage of the same date.

Khanchandani and Sadiq are the record owners of property described as:

> Apartment E-14, The Towers Condominium, Remainder of Parcel No. 2 Estate Contant, No. 7A Southside Quarter, St. Thomas, Virgin Islands

(the "Property").

Khanchandani and Sadiq executed a mortgage which secures the payment of the Note (the "Mortgage"). The Mortgage is attached to the Property. The Mortgage terms give Mortgage Electronic Registration Systems, Inc. ("MERS"), as FSB's nominee, the right to foreclose on the Property in the event of default on the loan. The Mortgage terms also give FSB the right to receive attorney's fees and costs in the event of foreclosure. The Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on November 25, 2009, as document 2009009212.

Khanchandani is in default under the terms and conditions of the Note and Mortgage. FSB gave notice of default to the

defendants by a letter dated February 17, 2012, which was addressed to Khanchandani at the address last given to FSB. FSB declared the entire unpaid principal with accrued interest and late fees due and payable.

On or about May 22, 2012, MERS assigned its entire interest in the Property to FSB. The assignment was recorded in the Office of the Recorder of Deeds on May 30, 2012, as document 2012003505.

FSB filed the instant action for debt and foreclosure on July 30, 2012. The defendants did not answer or otherwise appear. The Clerk of Court entered default against the defendants on March 7, 2013. As of May 31, 2013, the amount due to FSB under the Mortgage was $97,959.84.[1] Interest accrued at the rate of $13.48 each day thereafter.

On January 3, 2014, FSB transferred servicing rights, including the right to foreclose the Mortgage, to Green Tree. (ECF No. 27-1.)

On April 14, 2014, FSB filed a motion to substitute FSB with Green Tree. (ECF Nos. 25.)

Federal Rule of Civil Procedure 25 provides the procedure required for substitution when an interest is transferred from a party:

---

[1] FSB's motion lists $97,959.84 as the amount Khanchandani owes as of May 13, 2013. An exhibit dated May 13, 2013, lists $102,806.24 as the amount Khanchandani owes. (ECF No. 18-4.)

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25.

A "Rule 25(c) decision is generally within the district court's discretion." *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993). Before a party may be deprived of a property interest, including an interest in an ongoing lawsuit, due process requires, at a minimum, notice and an opportunity to be heard. *Id.*, citing *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976).

The notice requirements provided in Rule 25(a)(3) are as follows:

> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. . . .

Fed. R. Civ. P. 25(a).

Here, there is no record evidence that FSB served the motion to substitute on Khanchandani, Sadiq, or Green Tree.

The premises considered, it is hereby

**ORDERED** that FSB shall, to the extent it wishes to do so, have leave to file proof of service of the motion to substitute until May 16, 2014; it is further

**ORDERED** that failure to file such proof of service may result in denial of the motion to substitute; and it is further

**ORDERED** that the bench trial previously scheduled for April 22, 2014, is **RESCHEDULED** to begin promptly at 9:00 a.m. on Wednesday, May 21, 2014.

S\_____
      **CURTIS V. GÓMEZ**
      **District Judge**